IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MARK J. DUNCAN, et al., | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | 1:17CV1026 |
| SHIRLEY GIBSON MCKINNEY, et al., | ) ) ) ) | |
| Defendants. | ) | |

<u>ORDER AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE</u>

This matter comes before the Court on an Application for Leave to Proceed In Forma Pauperis, along with a Complaint [Doc. #2] and a Supplement [Doc. #4] filed by Plaintiffs Mark J. Duncan and Iris S. Duncan.

"The federal in forma pauperis statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" <u>Nasim v. Warden, Md. House of Correction</u>, 64 F.3d 951, 953 (4th Cir. 1995) (quoting <u>Adkins v. E.I. DuPont de Nemours & Co.</u>, 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." <u>Nagy v. Federal Med. Ctr. Butner</u>, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

As to the first of these grounds for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy, 376 F.3d at 256-57 (some internal quotation marks omitted).

Alternatively, a plaintiff "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1] Also, the Court may anticipate affirmative defenses

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings

which are clear on the face of the complaint. Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Nasim, 64 F.3d at 954.

The third ground for dismissal under 28 U.S.C. § 1915(e)(2)(B) generally applies to situations in which doctrines established by the United States Constitution or at common law immunize governments and/or government personnel from liability for monetary damages. See, e.g., Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984) (discussing sovereign immunity of states and state officials under Eleventh Amendment); Pierson v. Ray, 386 U.S. 547 (1967) (describing interrelationship between 42 U.S.C. § 1983 and common-law immunity doctrines, such as judicial, legislative, and prosecutorial immunity).

In this case, Plaintiffs' Complaint and Supplement consist of nearly 40 pages of rambling allegations and explanations describing their relationship with neighbors Shirley McKinney and her adult son, Robert McKinney ("the McKinneys"). The gravamen of their Complaint is that the McKinneys, with others, successfully pursued civil and/or criminal complaints against Mr. Duncan in state court. (Compl. [Doc. # 2] at 4, 7, 8-11, and 14 and Exs.) According to Plaintiffs, the McKinneys obtained a "No-Contact Order" against Plaintiff Mark Duncan based on threatening behavior by Mr. Duncan. (Id. at 8-9.) Specifically, the McKinneys obtained a Rule 50c "No-Contact Order for Stalking," based on Plaintiff Mark Duncan screaming and taunting Ms. McKinney, placing threatening signs in his yard and banners on his vehicle, and pointing a rifle at Ms. McKinney. With respect to these incidents, Mr. Duncan was also

---

drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing *pro se* complaint).

3

convicted in state court of criminal misdemeanor Assault by Pointing a Firearm and was later held in contempt of court for violating the Rule 50c Order. In the filings in the present case, most of Plaintiffs' Complaint consists of attempts to re-try the state court proceedings, and Plaintiffs contend that the state court proceedings resulted in "UNCONSTITUTIONAL restraints on the Plaintiffs." (Id. at 28.) Plaintiffs further allege that Robert McKinney's "repeated legal filings," his complaints of Mr. Duncan's stalking, and the submission of an allegedly false document to a state court all violated Plaintiffs' rights under the Ninth and Fourteenth Amendments. (Id. at 16-18.) Plaintiffs also allege that Mr. McKinney's employer, Walmart Corp., and its local general manager, violated Plaintiffs' rights by restricting Mr. Duncan's access to the store and by participating in the state court proceedings against Mr. Duncan. (Id. at 19-22.) Finally, Plaintiffs allege that Ms. McKinney's status as a county library employee somehow "put her in an arena of preferred treatment by law enforcement, and [the] legal community." Plaintiffs contend that Sarah Hudson, Ms. McKinney's supervisor at the county library, allowed Ms. McKinney to prepare for and attend state court "on County time" and "without loss of wages" thereby giving her "tacit approval" and a "free hand . . to violate [the] due process and civil rights of one of the library patrons." (Id. at 23.)

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because it is frivolous and malicious and fails to state a claim on which relief may be granted. "To state a claim for relief in an action brought under § 1983, [Plaintiffs] must establish that [they] were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. Like the state-

action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct. . ." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49–50, (1999)(internal quotation and citations omitted).  Here, the Complaint alleges a multitude of constitutional violations under the First, Fourth, Ninth, and Fourteenth Amendments, but does not allege specific facts that, if proven true, support that a violation occurred, or support a finding that any of the defendants were "acting under color of state law."  Apart from calls to local law enforcement and court filings related to the Rule 50c Order, Plaintiffs rely on Sarah Hudson's status as a county employee and supervisor at the local library to implicate state action in this dispute.  However, the allegations are insufficient as a matter of law.  In certain circumstances private individuals "jointly engaged" with state officials are acting under color of law for purposes of § 1983, such as where the allegations plausibly support a meeting of the mind between private defendants and a state actor to deprive the plaintiff of his constitutional rights, but in this case the Complaint and documents annexed thereto present no such arrangement.  See Jones v. Wal–Mart Stores, Inc., 1994 WL 387887, at *3 (10th Cir. July 27, 1994) (citing Benavidez v. Gunnell, 722 F.2d 615, 618 (10th Cir.1983)) (noting that "an individual does not act under color of law merely by reporting an alleged crime to police officers who take action thereon."); Young v. Arkansas Children's Hospital, 721 F. Supp. 197, 198 (E.D. Ark.1989) ("Furthermore, the mere furnishing of information by a private party to a law enforcement official, even if the information is false, is not sufficient to constitute joint activity with State officials in prohibited action or to state a claim against a private party under § 1983.  Nor is merely testifying at trial sufficient to state a § 1983 claim." (internal citation omitted)).

5

Moreover, to the extent Plaintiff Mark Duncan is complaining about his state court criminal conviction for assault by pointing a gun, or the state court proceedings holding him in contempt of court, Plaintiffs cannot use a § 1983 action to attempt to challenge or undermine a state court criminal conviction, and Mr. Duncan would instead be required to first successfully challenge the criminal conviction on appeal or in a post-conviction proceeding. See, e.g., Heck v. Humphrey, 512 U.S. 477 (1994). In addition, to the extent Plaintiffs appear to be attempting to use this proceeding to appeal the state court's no-contact order, or the finding of civil contempt, that request is not appropriately before this Court, and Plaintiff should instead raise any such challenges in state court. See, e.g., Casey v. Hurley, 671 F. App'x 137, 138 (4th Cir. 2016) ("To the extent [the plaintiff] seeks review of the state court's adverse decisions, the district court lacked jurisdiction to conduct such a review under the Rooker-Feldman doctrine."); see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, (2005) (holding that the Rooker–Feldman doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."); Thana v. Bd. of License Comm'rs for Charles Cty., Md., 827 F.3d 314 (4th Cir. 2016).

Finally, the Court notes that the documents attached to the Complaint reflect ongoing harassment and threatening behavior by Plaintiff Mark Duncan against the McKinneys, which led the state court to issue the no-contact order and then later hold Mr. Duncan in contempt of court. Indeed, according to the documents attached to the Complaint, the state court judge concluded after a hearing that Mr. Duncan was intentionally bullying and harassing Ms.

McKinney, and warned Mr. Duncan that if he continued to violate the court's order he would be taken into custody. This Court has considerable concern that Plaintiffs are attempting to use this Court as another avenue to harass the McKinneys. In the circumstances, the Court warns Plaintiffs that filing any further claims against the McKinneys that are frivolous or malicious or otherwise fail to state a claim will be subject to dismissal as in the present case, and could also result in monetary sanctions being awarded against Plaintiffs under Federal Rule of Civil Procedure 11 for abuse of the Court's process.

IT IS THEREFORE ORDERED that in forma pauperis status be granted for the sole purpose of entering this Order and Recommendation.

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for being frivolous and malicious and for failing to state a claim upon which relief may be granted.

This, the 12th day of December, 2017.

                                                  /s/ Joi Elizabeth Peake
                                                  United States Magistrate Judge